UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA LLC,<br><br>　　　　Defendant. | Case No. 1:25-cv-00293-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

On June 6, 2025, pro se plaintiff Raul Mendez filed an application for leave to proceed in forma pauperis along with a complaint, which the Court conditionally filed. Although this case was randomly assigned to the undersigned judge, Mendez filed a motion to disqualify a different judge—Judge David C. Nye. Mendez wishes to disqualify Judge Nye because Judge Nye long ago dismissed the precise claims Mendez seeks to advance here. And while the Clerk of Court processed Mendez's most recent filings as a new civil case rather than a motion to reopen the earlier case (filed in 2020), Mendez's stated intention is to reopen that earlier case with a different presiding judge. *See Compl.*, Dkt. 2 at 2 (Mendez alleges that he "is reopening this case [*i.e.,* Case No. 1:20-cv-00588-DCN] along with a motion

MEMORANDUM DECISION AND ORDER - 1

for disqualification").

Mendez's attempt to relitigate his dismissed claims is barred by the doctrine of res judicata. Accordingly, the Court will dismiss the complaint without leave to amend. Alternatively, construing Mendez's filing as a motion to reopen the 2020 lawsuit, the Court will deny the motion.

## BACKGROUND

Mendez is a serial plaintiff in this court. *See, e.g, Mendez v. City of Boise,* No. 1:21-cv-446-DCN, 2022 WL 834646 (D. Idaho Mar. 21, 2022) (recounting Mendez's history of litigation in this district). Most recently, he filed five separate complaints in a single day, including the above-captioned action.[1] Each of these five complaints is directly related to a case that has already been adjudicated.

In this case, Mendez seeks to reopen a 2020 lawsuit he filed against Sony Computer Entertainment America, LLC. *See Mendez v. Sony Computer Entm't Am. LLC*, No. 1:20-cv-588-DCN. As he did before, Mendez alleges that Sony improperly removed digital content he had purchased from PlayStation. Over two years ago, in July 2023, Judge Nye dismissed Mendez's claims against Sony, and

---

[1] Mendez filed the following five complaints on June 6, 2025: (1) *Mendez v. Sony Computer Entertainment Am. LLC*, No. 1-25-cv-293-BLW; (2) *Mendez v. Moonridge Neighborhood Ass'n*, No. 1:25-cv-294-AKB; (3) *Mendez v. Community Health Clinics, Inc.*, No. 1:25-cv-295-BLW; (4) *Mendez v. City of Boise*, 1:25-cv-296-AKB; and (5) *Mendez v. Ada County*, 1:25-cv-297-AKB.

**MEMORANDUM DECISION AND ORDER - 2**

the Ninth Circuit dismissed Mendez's appeal on the grounds that it was frivolous. *See Case No. 20-cv-588, Dkts. 45 and 50.* Mendez now seeks to have the 2020 case reopened, albeit with a different presiding judge.

## ANALYSIS

### 1. The IFP Application

Mendez has made the required showing to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Accordingly, that request will be granted.

### 2. Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court conducts an initial review of all pro se complaints for legal sufficiency. The Court must dismiss a complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

Mendez's complaint is subject to dismissal on res judicata grounds. *See, e.g., Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 329 (9th Cir. 1995) (noting that courts may raise res judicata on their own). This doctrine encompasses both "claim preclusion" and "issue preclusion," and provides that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). Claim preclusion applies to bar a subsequent action when three requirements are met: "(1)

the same parties or privies; (2) the same claim; and (3) a final judgment." *Cacciaguidi v. Reinke*, No. 4:09-cv-00343-BLW, 2012 WL 892298, at *4 (D. Idaho Mar. 14, 2012); *see also Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir. 2001).

All three requirements are met here. Dismissal on res judicata grounds is thus appropriate. Granted, Mendez has included some new content in his complaint, but the new content does not relate to Sony's alleged wrongdoing. Rather, Mendez now says Judge Nye was biased against him and violated his due process rights in connection with dismissing his complaint. These allegations—which are aimed at reopening the prior case rather than stating any new or different claim against Sony—are plainly refuted by the record in the earlier case. As further explained in the next section, there is no basis for reopening this matter.

3. **Motion to Reopen**

Courts may reopen a case when there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." F.R.C.P. 60(b)(2). Relief is warranted if (1) the evidence relied on is "newly discovered evidence" within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the evidence is of such magnitude that it would have likely changed the disposition of the earlier case. *Feature Realty, Inc. v. City of Spokane*, 331 F.3d

**MEMORANDUM DECISION AND ORDER - 4**

1082 (9th Cir. 2003). New arguments do not constitute newly discovered evidence. *Wapato Heritage, L.L.C. v. United States*, 423 F. App'x 709, 711 (9th Cir. 2011). Here, Mendez does not provide any new evidence. As stated above, the only new content in the complaint is Mendez's accusations against Judge Nye, not new accusations against Sony. Courts may also reopen a case if "the judgement [of the prior case] is void." Fed. R. Civ. P. 60(b)(4), but the judgment entered in the previous case is not void. For all these reasons, the Court will deny Mendez's request to reopen the earlier case.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is **GRANTED.**

2. Plaintiff's complaint (Dkt. 2) is **DISMISSED WITHOUT LEAVE TO AMEND.** Alternatively, construing the complaint as a motion to reopen a previous proceeding, the motion is **DENIED.**

3. Plaintiff's Motion to Disqualify Judge Nye (Dkt. 3) is **DENIED AS MOOT.**



DATED: August 6, 2025

_____
B. Lynn Winmill
U.S. District Court Judge